UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RHONDA METZGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: |
| | ) |
| HEALTH AND HOSPITAL | ) |
| CORPORATION OF MARION COUNTY | ) |
| d/b/a ESKENAZI HEALTH, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Rhonda Metzger ("Metzger"), brings this action against Defendant, Health and Hospital Corporation of Marion County d/b/a Eskenazi Health ("Defendant"), for unlawfully violating her rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII").

## PARTIES

2. Metzger has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a healthcare provider operating within the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 2000e-5(f)(3).

5. Metzger was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Venue is proper in this Court.

**FACTUAL ALLEGATIONS**

8. Defendant hired Metzger as a Registered Nurse on or about July 16, 2018. She was the Manager of Quality Improvement of Senior Care when Defendant fired her on or about September 24, 2021.

9. Metzger's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

10. Metzger is a Christian and has sincerely-held religious beliefs.

11. Defendant advised its employees that they were required to receive the Covid-19 vaccine.

12. At all relevant times, Metzger has had a sincerely-held religious belief about not taking the Covid-19 vaccine.

13. Metzger primarily worked from home as the Manager of Quality Improvement of Senior Care.

14. The necessity of the vaccine was not material or crucial to the performance of the essential duties of her job while working at home.

15. On or about August 24, 2021, Metzger asked Human Resources Administrative Specialist Darion Bucker ("Buckner") in Defendant's Human Resources Department for the necessary paperwork to request a religious exemption to the vaccine. Buckner provided the paperwork to her.

16. Metzger asked when the deadline was to return the paperwork, and Buckner told her to return the paperwork as soon as possible.

17. On or about August 27, 2021, Metzger submitted the religious exemption paperwork and supporting documentation to Defendant, thereby asking that Defendant provide a religious

accommodation to her so that she did not have to take the vaccine.

18. Defendant had sufficient time to receive, review, and provide the accommodation to Metzger between on or about August 27, 2021 and on or about September 20, 2021.

19. Non-vaccinated employees who were planning to obtain the vaccine had until on or about September 20, 2021, to obtain the first round of the vaccine

20. Defendant reviewed and considered religious exemption requests for new hires on a rolling basis.

21. On or about September 1, 2021, Director of Human Resources Kathy Young ("Young") informed Metzger that her requested accommodation had been denied.

22. Defendant denied Metzger's requested accommodation without engaging in the interactive process with her or proffering an alternative accommodation to her.

23. Metzger was willing to continue wearing masks and to take any necessary Covid-19 testing.

24. Defendant suspended Metzger on or about September 21, 2021.

25. Defendant fired Metzger on or about September 24, 2021.

26. Defendant took adverse employment actions against Metzger because of her religion, her sincerely-held religious beliefs, and her statutorily-protected conduct (asking for a reasonable accommodation).

27. Any reason proffered by Defendant for the adverse actions it took against Metzger is pretextual.

28. Metzger has suffered injury as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, emotional distress, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions as a result of its unlawful acts.

## COUNT I

### RELIGIOUS DISCRIMINATION – TITLE VII

29. Metzger hereby incorporates paragraphs 1-28 of her Complaint.

30. Metzger asked for a reasonable accommodation.

31. Defendant did not engage in the interactive process with Metzger.

32. Defendant did not provide a reasonable accommodation to Metzger.

33. Defendant fired Metzger, instead of providing a reasonable accommodation to her.

34. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Metzger's rights as protected by Title VII.

## COUNT II

### RELIGIOUS DISCRIMINATION – TITLE VII

35. Metzger hereby incorporates paragraphs 1-34 of her Complaint.

36. Defendant fired Metzger because of her religion.

37. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Metzger's rights as protected by Title VII.

## COUNT III

### RETALIATION – TITLE VII

38. Metzger hereby incorporates paragraphs 1-37 of her Complaint.

39. Metzger engaged in statutorily-protected conduct when she asked for a reasonable accommodation.

40. Defendant fired Metzger because of her statutorily-protected conduct.

41. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Metzger's rights as protected by Title VII.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Rhonda Metzger, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant pay lost wages and benefits to Metzger;

2. Defendant reinstate Metzger to the same position, with the requisite pay, seniority, and benefits, or pay front pay and benefits to her in lieu of reinstatement;

3. Defendant pay compensatory damages to Metzger;

4. Defendant pay pre- and post-judgment interest to Metzger;

5. Defendant pay Metzger's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Metzger any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49
Shannon L. Melton, Attorney No. 29380-49

Attorneys for Plaintiff
Rhonda Metzger

WILSON MELTON, LLC
5226 South East Street, Suite A-5
Indianapolis, Indiana 46227
Telephone:  (317)802-7181
Email:      bwilson@wilsonmelton.com
            smelton@wilsonmelton.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Rhonda Metzger, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Rhonda Metzger